THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: | |
| *Carlene M. Craig, et al. v. FedEx Ground Package System, Inc. et al.* | |
| Cause No. 3-05-CV-530 RM (KS) | |

OPINION and ORDER

On April 4, 2008, Magistrate Judge Nuechterlein denied the Kansas plaintiffs' motion to have George A. Barton and his law firm appointed as additional class counsel in the *Craig* action [Doc. No. 1131]. The Kansas plaintiffs object to this decision pursuant to Federal Rule of Civil Procedure 72(a) and ask the court to vacate the Magistrate Judge's order and appoint the Barton firm as class counsel. For the reasons that follow, the court denies the Kansas plaintiffs' motion to reconsider.

I. Procedural Background

In February 2003, the Kansas plaintiffs filed the *Craig* class action petition against FedEx Ground Package System Inc. in Kansas state court, and FedEx removed the case to the United States District Court for the District of Kansas. In October 2003, the Kansas plaintiffs retained George A. Barton and the Law Offices

of George A. Barton, P.C. ("the Barton firm"), who entered their appearance in March 2004. The Barton firm was solely responsible for prosecuting the Kansas plaintiffs' claims from March 2004 until August 2005, when the *Craig* litigation was consolidated into the MDL proceedings.

In November 2005, the consolidated plaintiffs submitted an uncontested proposed leadership structure to the court along with a statement regarding the qualifications of the proposed co-lead counsel. In its initial scheduling order, issued November 15, 2005, the court adopted the agreed-upon proposal and appointed Lynn Rossman Faris, Susan Ellingstad, and Robert Harwood as co-lead counsel for the plaintiffs. The initial scheduling order detailed co-lead counsel's responsibilities, including determining the legal position for all plaintiffs and coordinating the activities of plaintiffs' counsel during pre-trial proceedings, but it did not make reference to the issue of appointment of class counsel. The Barton firm didn't object to the appointment of co-lead counsel or raise concerns about the prosecution of the *Craig* action during pre-trial proceedings.

In October 2007, the court granted the Kansas plaintiffs' motion for class certification, which included a class pertaining to Kansas state law claims and a nationwide class on ERISA claims. The court found that the plaintiffs' co-lead counsel were adequate to represent the classes pursuant to Federal Rule of Civil Procedure 23(a)(4). On October 31, 2007, co-lead counsel submitted proposed class notices, describing the claims certified for class action. After discovering that the Barton firm wasn't included on either proposed notice, the Kansas plaintiffs

moved to revise the notices to include the Barton firm and asked that the firm be named as additional class counsel in the *Craig* litigation.

In their motion, the Kansas plaintiffs indicated that each of the ten named plaintiffs requested the Barton firm be appointed as class counsel and that the Barton firm best satisfied the requirements of Rule 23(g) for representing the class. They argued that the Barton firm performed substantial work identifying and investigating the potential claims, demonstrated knowledge of the applicable law, had substantial experience handling complex class actions, and retained adequate resources to devote to the prosecution of the *Craig* litigation.

On April 4, 2008, the Magistrate Judge entered his order granting the Kansas plaintiffs' request to include the Barton firm's name and contact information on the class notice but denied the motion to the extent it sought to appoint the Barton firm as additional class counsel. The Magistrate Judge detailed several reasons for his decision, noting that Mr. Barton agreed to the appointment of co-lead counsel and didn't object to the court's initial scheduling order. The Magistrate Judge further explained that Mr. Barton retained the ability to communicate with the court and his clients, but the court delegated the ability to determine the extent of Mr. Barton's responsibilities in the MDL proceedings to the discretion of co-lead counsel. The Magistrate Judge made clear that Mr. Barton will have the opportunity to petition the transferor court to appoint him as a representative of the Kansas plaintiffs if and when the *Craig* litigation is transferred to the federal district court in Kansas for trial.

3

II. DISCUSSION

The court reviews the Magistrate Judge's order denying appointment of class counsel under Federal Rule of Civil Procedure 72(a), which provides that "[t]he district judge in the case must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). The clear error standard means that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Id; *see also* Easley v. Cromartie, 532 U.S. 234, 243 (2001). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." In re Comverse Tech., Inc. Sec. Litig., 2007 WL 680779, at *2 (E.D.N.Y. Mar. 2, 2007) (reviewing the magistrate judge's order appointing lead counsel in consolidated PLSRA action under the clearly erroneous or contrary to law standard).

The Kansas plaintiffs claim that the Magistrate Judge declined to consider the merits of their motion and, instead, concluded that the Barton firm was procedurally precluded from being appointed class counsel as a matter of law. They contend that the Magistrate Judge relied exclusively on the Barton firm not being one of the firms appointed as co-lead counsel in the MDL proceeding and so found that the firm couldn't be appointed as class counsel in the *Craig* litigation. They argue that this finding was clearly erroneous and contrary to law.

4

The Kansas plaintiffs also claim that the Magistrate Judge didn't consider whether the Barton firm was qualified to represent the certified classes as Rule 23(g) requires, nor did he consider that all ten named plaintiffs in the *Craig* litigation designated the Barton firm as their preferred class counsel.

The Magistrate Judge didn't rule solely on procedural grounds. The court considered the merits of the motion, reasoning that the Barton firm was too late in seeking appointment as class counsel for pre-trial proceedings and premature in requesting appointment for trial before the transferor court. *Citing* MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.133 (2004). The court noted that the Barton firm didn't seek a larger role until the class certification process was complete and retains other avenues of involvement during pre-trial proceedings, i.e., participating through co-lead counsel. While the Kansas plaintiffs are correct in stating that the initial scheduling order makes no reference to the appointment of class counsel, the Magistrate Judge didn't hold that only co-lead counsel may be named as class counsel in the cases transferred to the MDL proceedings. The Kansas plaintiffs haven't shown that the Magistrate Judge's findings were clearly erroneous or contrary to law, and the court declines to reconsider the decision under Rule 72(a).

Even were the court to reconsider the April 4, 2008 order, co-lead counsel best satisfy the requirements of Rule 23(g) for representing the class. Rule 23(g) requires the appointment of counsel that is "best able" to represent the class, directing the court to consider: (1) the work counsel has done in identifying or

5

investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A), (2); *see also* Lively v. Dynegy, Inc., 2007 WL 685861, at *17 (S.D. Ill. Mar. 2, 2007). The Barton firm was involved with the early development of the Kansas plaintiffs' claims, but co-lead counsel directed the development and briefing of the class certification and summary judgment motions in the *Craig* action. Similarly, both sets of counsel are qualified to represent the *Craig* classes, but the Barton firm hasn't the same extensive experience and legal knowledge regarding ERISA class actions as co-lead counsel. In addition, co-lead counsel appear to have greater resources and are more deeply involved in the pre-trial proceedings than the Barton firm. As such, co-lead counsel are best able to represent the Kansas plaintiffs during the MDL proceedings.

That the named plaintiffs prefer Mr. Barton as counsel is a factor for consideration but is not dispositive in the appointment of class counsel. *See* FED. R. CIV. P. 23(g)(1)(C) (stating that the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class."). Co-lead counsel already have performed the majority of tasks of pre-trial representation, including fully briefing the issue of summary adjudication related to the *Craig* classes. *See e.g.,* Wiesmueller v. Kosbucki, 2008 WL 2415459, at *2 (W.D. Wis. June 13, 2008) (noting that the question of adequacy of class counsel

is simpler where counsel has already performed most of the tasks of representation). As such, appointing additional class counsel at this stage of the MDL proceedings would unnecessarily disrupt the action's progress and would be unfair to counsel in the other consolidated state actions. Because maintaining the current leadership structure best serves judicial economy and efficiency, the court agrees with the Magistrate Judge's decision to deny the Kansas plaintiffs' motion to appoint the Barton firm as additional class counsel.

III. CONCLUSION

For the foregoing reasons, the court DENIES the Kansas plaintiffs' motion to reconsider the Magistrate Judge's April 4, 2008 order [Doc. No. 1148].

SO ORDERED.

Entered: August 22, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court